# EXHIBIT "B"

# EXHIBIT "B"

Electronically Filed
06/06/2014 03:17:48 PM

CLERK OF THE COURT

1  COMP
2  MATTHEW Q. CALLISTER, ESQ.
   Nevada Bar No. 001396
3  mqc@call-law.com
   CALLISTER, IMMERMAN & ASSOCIATES
4  823 Las Vegas Blvd. South, Fifth Floor
5  Las Vegas, NV 89101
   Phone: (702) 385-3343
6  Fax:   (702) 385-2899
7  *Attorneys for Plaintiff*

8                       DISTRICT COURT

9               CLARK COUNTY, NEVADA

10  ALFONSO GARCIA, an individual;   )   Case No. A-14-702050-C
11                         )
              Plaintiff,      )   Dept. No.  XVI
12                         )
13  vs.                   )
                        )         **COMPLAINT**
14  TRUGREEN LIMITED PARTNERSHIP, a )
   foreign limited partnership; DOE     )
15  INDIVIDUALS I through X, inclusive; and )
16  ROE CORPORATIONS I through X,    )
   inclusive,                    )
17                        )
             Defendants.     )
18  _____)

19          COMES NOW, Plaintiff ALFONSO GARICA, by and through counsel of record
20
21  MATTHEW Q. CALLISTER, ESQ. of the law firm of CALLISTER, IMMERMAN &
22  ASSOCIATES and for causes of action against the named Defendants herein, complains, alleges
23  and avers, as follows:
24
                         **NATURE OF THE ACTION**
25
26  1.    The Plaintiff is a former employee of the Defendant Trugreen Limited Partnership. This
27        is his action to recover damages resulting from the Defendant's unlawful discriminatory
28        policies and conduct, which were designed to, and did, relegate the Plaintiff was

1    subjected on a daily basis to a barrage of insults, retaliation, fear, intimidation, threats,

2    demotion, termination, and coercion because of his racial origin.

3

2.    The Defendant further discriminated against the Plaintiff on the basis of his racial origin,

4

5    among other things, creating a hostile work environment.

6    3.    The Defendant took no remedial action and in fact, exacerbated the situation by

7    implicitly condoning such discriminatory behavior.

8

4.    As a result, the Defendant deprived the Plaintiff of equal employment opportunities and

9

10    personally damaged him by engaging in conduct that is unlawful under Title VII and

11    NRS Chapter 613, 613.310 - .435.

12    5.    Additionally, the Defendant engaged in a myriad of tortuous conduct towards the

13    Plaintiff and is liable for the resulting damages.

14

15    **JURISDICTION AND VENUE**

16    6.    That at all relevant times herein, Plaintiff ALFONSO GARICA was a resident of County

17    of Clark, State of Nevada.

18    7.    Plaintiff was at all times relevant herein an employee of TruGreen.

19

8.    That at all relevant times herein, Defendant, TRUGREEN LIMITED PARTNERSHIP

20

21    ("TruGreen") is a foreign limited partnership doing business in Clark County, Nevada.

22    9.    Defendant TruGreen is a foreign corporation doing business in Las Vegas, Nevada,

23    employing at least fifteen (15) employees while engaged in an industry affecting

24    commerce as defined in Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e-(b),

25    (g), and (h).

26

27    10.    That DOE Individuals I through X are fictitious names of unknown Defendants named

28    herein; Plaintiff is ignorant of the true names of said individuals so designated by such

fictitious names, and when the true names of said Defendants are discovered, Plaintiff will ask leave of court to amend this Complaint to substitute the true names of said Defendants. Plaintiff believes that each of the Defendants designated herein as a DOE Individual is in some manner responsible for the events referred to herein and caused damages proximately thereby to Plaintiff as alleged herein.

11. That ROE CORPORATIONS I through X are fictitious names of unknown Defendants named herein; Plaintiff is ignorant of the true names of said entities so designated by such fictitious names, and when the true names of said Defendants are discovered, Plaintiff will ask leave of court to amend this Complaint to substitute the true names of said Defendants. Plaintiff believes that each of the Defendants designated herein as a ROE CORPORATION is in some manner responsible for the events referred to herein and caused damages proximately thereby to Plaintiff as alleged herein.

12. The acts and occurrences complained of herein took place in the State of Nevada, County of Clark.

13. Exercise of jurisdiction by this Court over the named Defendants is proper in this action.

14. Venue in Clark County, Nevada is appropriate in this action.

15. The Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"); after an EEOC investigation, the EEOC issued Plaintiff a "Notice of Right to Sue" letter.

## GENERAL ALLEGATIONS

16. On or about September 1, 2011 Plaintiff was hired by Defendant TruGreen as a service technician for Defendant TruGreen.

17. As early as September, 2011 and continuing until as late as October, 2012, when

TruGreen wrongfully discharged Plaintiff, TruGreen engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), *et al.*

18.   During the aforementioned time period, TruGreen subjected the Plaintiff to pervasive, systematic discriminatory conduct based on race that permeated and seethed throughout every level of the workplace and to every job-site.

19.   TruGreen openly and continuously created and/or engaged in and/or condoned a pattern and practice of racial harassment and discriminating actions against Plaintiff in the workplaces by subjecting the Plaintiff to discriminatory harassment, illegally denying him promotions, illegally demoting him, wrongfully terminating Plaintiff, and/or failing to take any remedial steps upon notice of same and/or retaliating against the Plaintiff who complained of discrimination to management.

20.   TruGreen did not take effective steps to deal with the harassment.

21.   On or about May 8, 2012 Plaintiff suffered a work place injury, due to a faulty piece of equipment.

22.   Plaintiff was subject to unfair and untimely processing of a workers compensation claim that he attempted to open with TruGreen.

23.   Defendant refused to file Plaintiff's required forms for his industrial injury in a timely manner and also would not disclose to Plaintiff the status of his claim, despite Plaintiffs many attempts to inquire and seek information regarding his claim.

24.   Since the inception of Plaintiff's employment with TruGreen, Plaintiff received unfair and unjust treatment by Defendant.

25.   Some of the treatment that the Plaintiff received was abrupt changes in his schedules, constant ridicule regarding job performance, and harassment by superiors.

26. Plaintiff also had witnessed other non-Hispanic employee's violating company policy and reported it to management but no punishment ensued.

27. The unfair and unjust treatment that Plaintiff was subjected to got progressively worse after the filing of Plaintiff's workers compensation claim.

28. On or about October 23, 2012 Plaintiff, due to an overwhelming amount of stress placed on him by Defendant TruGreen, was involved in a work related vehicle accident.

29. Defendant then informed Plaintiff that he was suspended pending an investigation in relation to the workplace vehicle accident.

30. Plaintiff was informed six days later that he was terminated from his position and felt that he was given an unjust and improper investigation of the events that transpired on the date of the incident.

31. Upon information and belief, Plaintiff was terminated because of his race, as well as because he filed a workers' compensation claim.

## FIRST CLAIM FOR RELIEF
### (Discrimination in Violation of NRS 613.330)

32. Plaintiff repeats and realleges each and every allegation set forth in the proceeding paragraphs of this complaint, as though fully set forth herein, and further alleges, as follows:

33. Defendant violated NRS 613.330 by discriminating against Plaintiff based on his racial origin and/or color.

34. Plaintiff has established that the unfair employment practices of Defendant created a hostile and unjust work environment.

35. Defendants failed to discipline other non-Hispanic employees for violating company

policy, but took disciplinary actions against Plaintiff for a similar offense solely as a result of Plaintiff's race.

36. TruGreen violated NRS 613.330 by discharging and/or otherwise discriminating against the Plaintiff with respect to his race and by allowing persistent and pervasive racial harassment and/or discrimination to occur in the work place.

37. In addition and alternatively, TruGreen violated NRS 613.330 by limiting and/or segregating, and/or classifying the Plaintiff in a way that deprived him and/or tended to deprive him of employment opportunities, and/or otherwise adversely affected his status as employee.

38. Defendants unlawful conduct damaged the Plaintiff in the form of lost wages and income, lost economic opportunity, and pecuniary and non-pecuniary losses including without limitation severe emotional pain and suffering.

39. As a direct and proximate result of Defendant's acts, the Plaintiff suffered damages in the form of lost wages and income, lost economic opportunity, sever emotional distress and suffering, and additional damages greater than fifty thousand dollars ($50,000).

40. As a result of the Defendants' actions, it has been necessary for Plaintiff, Alfonso Garcia, to retain the services of the law firm of Callister, Immerman & Associates to file and prosecute this action, and Defendants should be required to pay Plaintiff's reasonable attorney's fees and costs incurred in this action.

## SECOND CLAIM FOR RELIEF
*(Discrimination in Violation of Title VII)*

41. Plaintiff repeats and realleges each and every allegation set forth in the proceeding paragraphs of this complaint, as though fully set forth herein, and further alleges, as

1     follows:

2    42.    TruGreen violated 42 U.S.C. § 2000e- 2(a)(1) by discriminating against Plaintiff and

3

4       allowing its employees to harass and/or discriminate against Plaintiff because of his race

5    43.    Plaintiff has established that the discrimination and harassment created a hostile work

6       environment.

7    44.    TruGreen failed to take adequate remedial and disciplinary actions in this matter.

8    45.    Further, the harassers were considered to be supervisors.

9

10    46.    TruGreen is vicariously liable for the hostile environment.

11    47.    Plaintiff reported the hostile work environment, but TruGreen did not take effective

12       steps to deal with the harassment.

13    48.    Defendants unlawful conduct damaged the Plaintiff in the form of lost wages and

14

15       income, lost economic opportunity, and pecuniary and non-pecuniary losses including

16       without limitation severe emotional pain and suffering.

17    49.    As a direct and proximate result of Defendant's acts, the Plaintiff suffered damages in

18       the form of lost wages and income, lost economic opportunity, sever emotional distress

19

20       and suffering, and additional damages greater than fifty thousand dollars ($50,000).

21    50.    As a result of the Defendants' actions, it has been necessary for Plaintiff, Alfonso

22       Garcia, to retain the services of the law firm of Callister, Immerman & Associates to file

23       and prosecute this action, and Defendants should be required to pay Plaintiff's

24       reasonable attorney's fees and costs incurred in this action.

25

26    /.../.../

27    /.../.../

28

## THIRD CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)

51. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint, as though fully set forth herein, and further alleges, as follows:

52. In engaging in the conduct described herein, TruGreen acted extremely and outrageously intending to, and in fact causing, Plaintiff severe emotional distress.

53. TruGreen acted intentionally, maliciously, and with an intent to injure and thus Plaintiff is entitled to punitive damages in an amount determined by the trier of fact.

54. As a direct and proximate result of Defendant's conduct, the Plaintiff suffered damages in the form of lost wages and income, lost economic opportunity, severe emotional distress and suffering, and additional damages greater than Fifty Thousand Dollars ($50,000).

55. As a result of the Defendant's actions, it has been necessary for Plaintiff, Alfonso Garcia, to retain the services of the law firm of Callister, Immerman & Associates to file and prosecute this action, and Defendants should be required to pay Plaintiff's reasonable attorney's fees and costs incurred in this action.

## FOURTH CLAIM FOR RELIEF
### (Negligent Infliction of Emotional Distress)

56. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint, as though fully set forth herein, and further alleges, as follows:

57. TruGreen had a duty to avoid causing its employees distress.

Page 8 of 11

58. TruGreen breached this duty by, among other things, suspending the Plaintiff, subjecting him to unbearable working conditions and wrongfully terminating Plaintiff.

59. By and through the actions of TruGreen and its agents, TruGreen has negligently inflicted emotional distress upon Plaintiff.

60. TruGreen's actions actually and proximately injured Plaintiff, and the resulting injuries physically manifested themselves.

61. Additionally, as a direct and proximate result of TruGreen's acts, the Plaintiff suffered damages in the form of lost wages and income, lost economic opportunity, severe emotional distress and suffering, and additional damages greater than Fifty Thousand Dollars ($50,000).

62. As a result of the Defendant's actions, it has been necessary for Plaintiff, Alfonso Garcia, to retain the services of the law firm of Callister, Immerman & Associates to file and prosecute this action, and Defendants should be required to pay Plaintiff's reasonable attorney's fees and costs incurred in this action.

## FIFTH CLAIM FOR RELIEF
### (Vicarious Liability)

39. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint, as though fully set forth herein, and further alleges, as follows:

40. TruGreen is liable for the conduct of its agents and employees under the theory of vicarious liability.

41. As an actual and proximate cause of TruGreen's agents and employees' conduct, the

Plaintiff suffered damages in the form of lost wages and income, lost economic opportunity, sever emotional distress and suffering, and additional damages greater than Fifty Thousand Dollars ($50,000).

42.    As a result of the Defendant's actions, it has been necessary for Plaintiff, Alfonso Garcia, to retain the services of the law firm of Callister, Immerman & Associates to file and prosecute this action, and Defendants should be required to pay Plaintiff's reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff prays for judgment against the named Defendants herein, as follows:

1.    Ordering Trugreen Limited Partnership to make the Plaintiff whole by providing appropriate compensation for the losses resulting from the unlawful employment practices described herein, including without limitation back pay, subsequent loss of income from potential employers, loss of attendant economic opportunity, past and future pecuniary losses, including without limitation all costs and expenses associated with the unlawful employment practices described herein, with prejudgement interest, in an amount greater than $50,000 as determined by the trier of fact, and such alternative relief as will eradicate the effects of its past and present unlawful employment practices.

2.    Ordering TruGreen to make the Plaintiff whole by providing appropriate compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described herein, including without limitation

emotional pain, suffering, and humiliation in an amount greater than $50,000 as determined by the trier of fact

3. Awarding Plaintiff appropriate punitive damages based on Defendant's malicious, intentionally injurious conduct in an amount greater than $50,000 as determined by the trier of fact.

4. Ordering TruGreen to provide such further relief as this Court deems necessary and proper for the public's interest and that of Plaintiff and all other similarly situated employees.

5. Awarding Plaintiff reasonable attorney fees and costs associated with this action.

DATED this 10 day June, 2014.

CALLISTER IMMERMAN & ASSOCIATES

MATTHEW Q. CALLISTER, ESQ.
Nevada Bar No. 001396
823 Las Vegas Blvd. So. 5th floor
Las Vegas, NV 89101
Phone: (702)385-3343
*Attorneys for Plaintiff*

6-16-14  1⁵ PM  PP

1  SUMM
MATTHEW Q. CALLISTER, ESQ.
2  State Bar No. 001396
CALLISTER, IMMERMAN + ASSOCIATES, LLC
3  823 Las Vegas Boulevard South, 5ᵗʰ Floor
Las Vegas, Nevada 89101
4  Telephone:  (702) 385-3343
Facsimile:  (702) 385-2899
5  *Attorney for Plaintiff*

6  **DISTRICT COURT**

7  **CLARK COUNTY, NEVADA**

8  ALFONSO GARCIA, an individual,

9          Plaintiff,

CASE NO.:  A-14-702050-C

10       -vs-

DEPT. NO.:  XVI

11  TRUGREEN LIMITED PARTNERSHIP, a
foreign limited partnership; DOE INDIVIDUALS
12  I through X, inclusive; and ROE
CORPORATIONS I through X, inclusive,,
13

**SUMMONS**

14         Defendants.

(TRUGREEN LIMITED PARTNERSHIP, a
foreign limited partnership)

15
TO: TRUGREEN LIMITED PARTNERSHIP, a foreign limited partnership
16  NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT
YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION
17  BELOW.
18  TO THE DEFENDANT: A civil Complaint has been filed by the Plaintiff against you for the relief set forth
in Complaint.
19  THIS ACTION HAS BEEN FILED TO RECOVER FOR DAMAGES SUSTAINED BY PLAINTIFF
1.      If you intend to defend this lawsuit, within 20 days after this Summons is served on you
20      exclusive of the day of service, you must do the following:
21      a. File with the Clerk of this Court, whose address is shown below, a formal written response to the
Complaint in accordance with the rules of the Court.
22      b. Serve a copy of your response upon the attorney whose name and address is shown below.
2.      Unless you respond, your default will be entered upon application of the Plaintiff and this Court may
23      enter a judgment against you for the relief demanded in the Complaint, which could result in the
24      taking of money or property or other relief requested in the Complaint.
3.      If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your
25      response may be filed on time.
26  \\
\\
27  \\
\\
28  \\

6-16-14  1⁵ PM  PP

1  | Issued at the direction of:

2

3  | MATTHEW Q CALLISTER, ESQ.
   | Nevada Bar No.: 001396
4  | 823 Las Vegas Boulevard, So., 5th Floor
   | Las Vegas, Nevada 89101
5  | Phone: (702) 385-3343
   | *Attorneys for Plaintiff.*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STEVEN D. GRIERSON
CLERK OF THE COURT

CLERK OF COURT

DIANA MATSON

Deputy Clerk                 JUN 1 0 2014        Date

CIVIL COVER SHEET

A-14-702050-C

County, Nevada

XVI

Case No. _____
(Assigned by Clerk's Office)

## I. Party Information

Plaintiff(s) (name/address/phone): **ALFONSO GARCIA**

Attorney (name/address/phone): MATTHEW Q. CALLISTER
823 Las Vegas Blvd S, 5th F
Las Vegas, NV 89101
702-385-3343

Defendant(s) (name/address/phone): **TRUGREEN LIMITED PARTNERSHIP, a foreign limited partnership**

Attorney (name/address/phone):

## II. Nature of Controversy (Please check applicable bold category and applicable subcategory, if appropriate)

☐ Arbitration Requested

### Civil Cases

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Product Liability** |
| ☐ Landlord/Tenant | ☐ Negligence – Auto | ☐ Product Liability |
| ☐ Unlawful Detainer | ☐ Negligence – Medical/Dental | ☐ Product Liability/Motor Vehicle |
| ☐ Title to Property | ☐ Negligence – Premises Liability (Slip/Fall) | ☐ Other Torts/Product Liability |
| ☐ Foreclosure | | ☐ Intentional Misconduct |
| ☐ Liens | ☐ Negligence – Other | ☐ Torts/Defamation (Libel/Slander) |
| ☐ Quiet Title | | ☐ Interfere with Contract Rights |
| ☐ Specific Performance | | ☑ Employment Torts (Wrongful termination) |
| ☐ Condemnation/Eminent Domain | | ☐ Other Torts |
| ☐ Other Real Property | | ☐ Anti-trust |
| ☐ Partition | | ☐ Fraud/Misrepresentation |
| ☐ Planning/Zoning | | ☐ Insurance |
| | | ☐ Legal Tort |
| | | ☐ Unfair Competition |

| Probate | Other Civil Filing Types | |
|---|---|---|
| Estimated Estate Value: _____ | ☐ Construction Defect | ☐ Appeal from Lower Court (also check applicable civil case box) |
| | ☐ Chapter 40 | ☐ Transfer from Justice Court |
| ☐ Summary Administration | ☐ General | ☐ Justice Court Civil Appeal |
| ☐ General Administration | ☐ Breach of Contract | |
| ☐ Special Administration | ☐ Building & Construction | ☐ Civil Writ |
| ☐ Set Aside Estates | ☐ Insurance Carrier | ☐ Other Special Proceeding |
| ☐ Trust/Conservatorships | ☐ Commercial Instrument | ☐ Other Civil Filing |
| ☐ Individual Trustee | ☐ Other Contracts/Acct/Judgment | ☐ Compromise of Minor's Claim |
| ☐ Corporate Trustee | ☐ Collection of Actions | ☐ Conversion of Property |
| ☐ Other Probate | ☐ Employment Contract | ☐ Damage to Property |
| | ☐ Guarantee | ☐ Employment Security |
| | ☐ Sale Contract | ☐ Enforcement of Judgment |
| | ☐ Uniform Commercial Code | ☐ Foreign Judgment – Civil |
| | ☐ Civil Petition for Judicial Review | ☐ Other Personal Property |
| | ☐ Foreclosure Mediation | ☐ Recovery of Property |
| | ☐ Other Administrative Law | ☐ Stockholder Suit |
| | ☐ Department of Motor Vehicles | ☐ Other Civil Matters |
| | ☐ Worker's Compensation Appeal | |

## III. Business Court Requested (Please check applicable category; for Clark or Washoe Counties only.)

| | | |
|---|---|---|
| ☐ NRS Chapters 78-88 | ☐ Investments (NRS 104 Art. 8) | ☐ Enhanced Case Mgmt/Business |
| ☐ Commodities (NRS 90) | ☐ Deceptive Trade Practices (NRS 598) | ☐ Other Business Court Matters |
| ☐ Securities (NRS 90) | ☐ Trademarks (NRS 600A) | |

06/06/2014
_____
Date

_____
Signature of initiating party or representative

*See other side for family-related case filings.*

Nevada AOC – Research and Statistics Unit

Form PA 201
Rev. 2.5E