**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| ALFONSO GARCIA, | 2:14-cv-01137-APG-CWH |
| Plaintiff, | **ORDER AND** |
| vs. | **REPORT & RECOMMENDATION** |
| TRUGREEN LIMITED PARTNERSHIP, *et al.,* | |
| Defendants. | |

Before the Court is Defendant's Request for Recommendation of Sanction of Dismissal. (#16).

**Background**

This case was removed the Eighth Judicial District Court, County of Clark, State of Nevada on July 11, 2014. (#1). On July 16, 2014, the court granted the Plaintiff's counsel's Motion to Withdraw as Counsel. (#7). On July 16, 2014, the court scheduled an Early Neutral Evaluation Session for September 3, 2014. (#9). The confidential statement was due to the court on August 27, 2014. *Id.*

The parties were ordered to deliver confidential ENE statements to chambers by August 27, 2014. Plaintiff failed to deliver his settlement conference statement on August 27, 2014. Chambers called Plaintiff and left a message regarding the ENE statement. On September 3, 2014, the ENE was held and Plaintiff failed to appear for the ENE. (#15). Plaintiff was ordered to show cause in writing, no later than September 17, 2014, why the court should not issue sanctions against him and/or a recommendation to the District Judge for dismissal, pursuant to Local Rule IA 4-1 and Fed. R. Civ. P. 16(f), for failing to comply with the court's Orders. (#14). On September 19, 2014, Defendant filed a

request for recommendation of sanction of dismissal. (#16). To date, Plaintiff has not complied with the Order to Show Cause.

**Relevant Law**

Plaintiff Garcia, appearing *pro se* in this action, was ordered to follow the rules and orders of the Court and familiarize himself with the Federal Rules of Civil Procedure as well as the Local Rules of this court. (#25). See *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986)(holding that *pro se* parties are not excused from following the rules and orders of the court).

Pursuant to Local Rule IA 4-1 and Fed. R. Civ. P. 16(f), for failure to appear a pretrial conference and failure to comply with the court's orders, after notice and opportunity to be heard, the court may impose any and all appropriate sanctions. Fed. R. Civ. P. 37(b)(2)(v) provides for the sanction of "dismissing the action or proceeding in whole or in part" for failure to comply with court orders.

The Court has clear authority to dismiss the case for failure to cooperate in the progress of the litigation. "This power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of the Defendant." *Mederios v. United States*, 621 F.2d 468, 470 (1st Cir. 1980). To be sure, "[all litigants, including *pro se*s, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)(per curiam). Thus, when they flout the obligation to comply with court orders they, like all litigants, must suffer the consequences of their non-compliance. See *McDonald v. Miegel*, 850 F.2d 121, 124 (2d Cir. 1988). Further, the Court need not always exhaust every sanction short of dismissal before final action. *Edelson v. Commissioner*, 829 F.2d 828, 831 (9th Cir. 1987). Such a decision lies within the discretion of this Court. See *National Hockey League v. Metropolitan Hockey Club. Inc.*, 427 U.S. 639, 642 (1976); *Link v. Wabash R. Co.*, 370 U.S. 628 (1962) (affirming district court's dismissal under Rule 41(b) after plaintiff's attorney failed to appear at a pretrial conference).

Plaintiff has repeatedly failed to follow the rules of this Court. He failed to submit a confidential ENE statement, failed to attend the ENE session, and failed to respond to the Court's Order to Show Cause. Since the withdrawal of his former counsel, Plaintiff has not filed any documents in this case. Plaintiff has repeatedly failed to comply with this Court's Orders. (#9 and #14).

Defendant's request for attorney's fees as a sanction is appropriate under Fed. R. Civ. P. 16(f)(1). The court awards Mr. Bruce C. Young's three hours of attorney's fees at his hourly rate of $420.75: 2 hours for preparation of attendance at ENE conference and 1 hour for preparation of the Request for Recommendation of Sanction of Dismissal (#16).

**RECOMMENDATION**

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that Defendant's Request for Recommendation of Sanction of Dismissal (#16) be GRANTED and the case be dismissed under Local Rule IA 4-1 and Fed. R. Civ. P. 16(f).

**ORDER**

IT IS ORDERED that Defendant TruGreen Limited Partnership is awarded $1262.25 in attorney's fees.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt*

///

///

*v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 26th day of September, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE